UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISA CHASTEEN, individually and
on behalf of all other similarly situated
employees,

       Plaintiffs,       Case No. 07-10558

vs.                DISTRICT JUDGE PAUL V. GADOLA
                 MAGISTRATE JUDGE STEVEN D. PEPE
ROCK FINANCIAL, a Quicken Loans Inc.
company, and DANIEL B. GILBERT,
personally and individually,

       Defendants.
=============================/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' NOTICE OF 30(B)(6)
DEPOSITION AND FOR PROTECTIVE ORDER REGARDING THE EXCHANGE OF
CONFIDENTIAL DOCUMENTS AND INFORMATION (DKT. #163)**

   On April 22, 2008, Defendants filed a motion under Fed. R. Civ. P. 26© for: (1) a protective order limiting the timing and scope of the deposition notice Plaintiffs served upon Quicken Loans pursuant to Fed. R. Civ. P. 30(b)(6); and (2) a protective order regarding the exchange of confidential documents and information. All pretrial matters were referred on November 20, 2007, in accordance with the authority conferred in 28 U.S.C. § 636(b) (Dkt. #90). On May 29, 2008, a hearing was held on Defendants' motion at which time all unresolved issues were addressed.

   For the reasons stated on the record and indicated below, **IT IS ORDERED THAT**:

1.  Plaintiffs may not pursue deposition testimony from Defendants' Rule 30(b)(6)

1

representative regarding "Defendant's participation in obtaining Department of Labor ("DOL") opinion letters concerning exemptions under the Fair Labor Standards Act." ("Deposition Topic No. 18").[1] Rather, it was determined at the May 29 hearing that such discovery on this issue of marginal potential relevance can be had in a more efficient and less burdensome manner through targeted interrogatories which Plaintiffs' counsel was invited to propose. It was noted that Defendants' attorney, Mr. Robert P. Davis, may be able to quickly answer such inquiries involving his and Quicken Loans' involvement in seeking the September 8, 2006, opinion letter FLSA 2006-31.

Mr. Davis acted for the Mortgage Bankers Association ("MBA") in September 2005, when he drafted a letter for MBA's Vice President for Governmental Affairs, Kurt Pfotenhauer, to Deputy Administrator Alfred Robinson, Jr., of the Department of Labor Wage and Hour Division. Opinion letter FLSA 2006-31 on the administrative exemption under 29 C.F.R. § 541.203(b) of mortgage loan officers plays a prominent role in Defendants' Motion for Summary Judgment and its Response to Plaintiffs' Motion for Partial Summary Judgment in *Henry v. Quicken Loan,* 4:04-CV-40346 (Dkt. #434 & #466) and it was also relied on by Defendants in this case. It appears Mr. Davis wrote the draft of that 2005 Pfotenhauer letter. The response letter FLSA 2006-31 from Administrator Paul DeCamp indicates that "the opinion is not sought

---

[1] Through this deposition topic, Plaintiffs' goal was to explore Defendant's good faith reliance on any Department of Labor ("DOL") opinion letters in making or maintaining its exemption classification decision and to understand what role Defendant played in the issuance of these DOL opinion letters. They also sought to establish whether Defendant is asserting the attorney-client privilege on any of the communications it had with Mr. Robert P. Davis or anyone from his law firm relating to the September 8, 2006, DOL opinion letter, and whether the privilege also applies to any communications it had with the Mortgage Bankers Association ("MBA") or the DOL.

by a party to pending private litigation concerning the issue addressed herein."

Plaintiffs wishes to know whether Quicken Loans Inc., which has been involved in litigation in the *Henry* case since May 2004, and represented by Mr. Davis since February 2, 2005, was involved in getting the MBA to seek opinion letter FLSA 2006-31. The Interrogatories were submitted by Plaintiffs' counsel on May 31, and on June 2 defense counsel asked this Court to defer entry of this Order until it submitted a response. That response came in the form of a declaration from Mr. Davis which addresses his distinguished background, extensive experience in FLSA matters, and his advocacy efforts for the MBA with the Department of Labor in getting the 2004 amendments to 29 C.F.R. § 541.203(b) to include employees in the financial services industry within the administrative exception of 29 C.F.R. § 541.200(a), as well as his efforts to obtain opinion latter FLSA 2006-31. He notes specifically that his firm's legal fees for those services were paid exclusively by the MBA.

His declaration does not note whether Quicken Loans Inc. had any other financial or substantive involvement in seeking opinion latter FLSA 2006-31 other than as a member of the MBA paying its normal association dues. It is clear Mr. Davis was in September 2005 defending Quicken Loans Inc. in the *Henry* case that involves issues similar to those involved in opinion latter FLSA 2006-31. It can be assumed that information gathered in his defense role in *Henry* informed in part his drafting of Mr. Pfotenhauer's letter. But it cannot be determined from Mr. Davis' declaration whether Quicken Loans Inc. played a more active role, either directly or indirectly, in getting the MBA to seek FLSA 2006-31 on a private litigation issue involving Quicken Loans Inc. Accordingly, on or before June 16, 2008, Defendants' attorney, Mr. Robert P. Davis, and/or another appropriate representative of Quicken Loans Inc. shall provide to

3

Plaintiffs' counsel written responses in the form of a declaration under 28 U.S.C. § 1746 to the following:

    A.    Describe in detail what role, if any, including any means of direct or indirect payment (other than regular association membership fees/dues paid by all MBA members) Quicken Loans Inc. had in obtaining or requesting the Department of Labor to issue the opinion letter FLSA 2006-31 and include a description of any communications between the MBA and Quicken Loans Inc. regarding this.

    B.    If Defendant Quicken Loans Inc. is claiming that any of these communications are subject to the attorney-client privilege, identify the person(s) with whom Defendant claims the communications are privileged, the author, the date and general subject of the communication, all persons and their role who received the communication or were copied.

    C.    If Defendant Quicken Loan Inc. is not asserting privilege as to any communications responsive to subparagraph A. describe in detail the content of such communications or provide a copy.

    D.    Are there any communications between Quicken Loans Inc. and Mr. Robert P. Davis regarding the opinion letter FLSA 2006-31? If Quicken Loans Inc. is asserting the attorney-client privilege for any of these communications identify the author, date, and general subject of the communication, all persons and their role who received the communication or were copied.

    E.    If Quicken Loans Inc. is not asserting privilege as to any communications responsive to subparagraph D. describe in detail the content of such communications or provide a copy.

    F.    Identify and describe the content of all communications between the DOL and Quicken Loans Inc. regarding any other DOL opinion letters relied upon by Defendant not otherwise covered above.

By providing complete and thorough answers to the above questions, it is anticipated that Plaintiffs' need to obtain further discovery on this subject (other than copies of documents noted) from third parties or otherwise regarding the topics covered in this declaration will be obviated.

2.    Defendants do not need to designate a 30(b)(6) witness for Plaintiffs' Deposition Topics #12 or #17. At the hearing Defendants' counsel indicated that Defendants would be providing

the personnel files of each Plaintiff to Plaintiffs' counsel.

3. Regarding Plaintiffs' Deposition Topics # 8 and #9, all questions are limited to the Plaintiffs involved in this case, i.e. Branch loan consultants and branch loan officers.

4. Regarding Plaintiffs' Deposition Topic #13, Defendants' counsel indicated at the hearing that Defendants would likely be able to provide payroll information to Plaintiffs' counsel in an electronic and importable format. If Defendants can certify to Plaintiffs their ability to do so by June 16, 2008, Defendants need not designate a 30(b)(6) witness for Plaintiffs' Deposition Topic #13. If Defendants are unable to do so by June 16, 2008, they shall designate a 30(b)(6) witness for this topic.

5. Regarding Plaintiffs' Deposition Topic #14 and #15, Defendants shall produce a 30(b)(6) witness able to answer questions in these subjects areas related to employee classifications and issues involving eligibility for overtime pay.

6. Plaintiffs' Deposition Topic #16 is limited to questions regarding the Fair Labor Standards Act as it applies to branch loan consultants and branch loan officers.

7. At the hearing, it was determined that it was not necessary to complete written discovery prior to scheduling a 30(b)(6) witness for deposition, and that such deposition should be scheduled to occur within the next four to six weeks.

8. Testimony of the 30(b)(6) witness shall be limited to events occurring while the Plaintiffs involved in this case were employed at Rock Financial as branch loan consultants or branch loan officers.

9. The parties submitted a stipulated protective order, which was reviewed by the Court and entered on May 30, 2008 (Dkt. #172).

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.

**SO ORDERED.**

Date: June 4, 2008　　　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　　United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 6/4/08 .

　　　　　　　　　　　　　　　　　　　　　　　　s/Jermaine Creary
　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk