DENISA CHASTEEN, individually and
on behalf of all other similarly situated
employees,

                Plaintiffs,        Case No. 07-10558

vs.                                              DISTRICT JUDGE PAUL V. GADOLA
                                               MAGISTRATE JUDGE STEVEN D. PEPE

ROCK FINANCIAL, a Quicken Loans Inc.
company, and DANIEL B. GILBERT,
personally and individually,

                Defendants.

=============================/

## ORDER STAYING LITIGATION
## AND
## ORDER WITHDRAWING PENDING MOTIONS DKT #176, #179 & #188

This is one of three companion cases currently pending in the Eastern District of Michigan filed by the same Plaintiffs' counsel, Donald H. Nichols, Paul J. Lukas and Rachhana T. Srey, against Quicken Loans Inc. and Daniel B. Gilbert.[1] In all three cases the Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. for unpaid overtime compensation. *Chasteen* is distinguishable from the other two pending cases, *Henry* and *Mathis,* in that the intended Plaintiffs in *Chasteen* are branch mortgage brokers, with their job responsibility involving loans initiated from Defendants' various branch locations, unlike the

---

[1] Plaintiffs' counsel also filed *Henry v. Quicken Loans*, No. 04-40346 and *Mathis v. Quicken Loans*, No. 07-10981. These two cases are factually identical, as both cases involve putative classes of web mortgage brokers/web loan consultants employed by Quicken Loans Inc. *Mathis* has been stayed pending the outcome of *Henry*.

1

loans initiated by web mortgage brokers/web loan consultants. Moreover, Rock Financial is listed as a Defendant in the present case in place of Quicken Loans Inc. Rock Financial, however, is not a legal entity separate from Quicken Loans Inc., rather, it is an assumed name under which Quicken Loans Inc. operates in Michigan.

On August 14, 2008, a status conference was held on the *Henry* matter, and the three pending discovery motions in the present case were discussed.[2] All pretrial matters were referred on November 20, 2007, in accordance with the authority conferred in 28 U.S.C. § 636(b) (Dkt. #90). At that hearing, counsel for all parties expressed their desire that the present matter be stayed pending further Court action in the *Henry* case. While both sides indicated they did not wish to be bound in this case by the holdings in *Henry*, potential application of collateral estoppel will be resolved later.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)); *accord*, *Deluca v. Blue Cross Blue Shield of Michigan*, 2007 WL 715304, at *1 (E.D. Mich. 2007) (this "broad discretion and inherent power" includes "the power to stay a matter pending resolution of independent proceedings which bear upon the case at hand") (internal quotations and citations omitted).

---

[2] These three motions include: Dkt. #176, Motion for Protective Order Re: (1) Plaintiffs' Request for Emails Sent to or From Plaintiffs and Their Direct Supervisors; and (2) Plaintiffs' Request for All of Daniel Gilbert's Emails by Rock Financial, Daniel B. Gilbert; Dkt. #179, Motion to Compel Discovery From Thirty-Five Non-Responsive Plaintiffs by Rock Financial, Daniel B. Gilbert; and Dkt. #188, Motion to Compel Further Discovery Responses by Rock Financial, Daniel B. Gilbert.

As explained above, this case is largely a duplicate of *Henry* – both cases were brought by the same Plaintiffs' firm against the same Defendants and both appear to involve similar allegations. These strong parallels were recognized when this Court *sua sponte* reassigned this case from Judge Edmunds to Judge Gadola, who has presided over the *Henry* action for several years (Dkt. #26). *Henry* is further advanced in discovery and motion practice. The resolution of *Henry* likely will directly "bear upon the case at hand," *Deluca*, 2007 WL 715304, at *1.

Accordingly, a stay in the present case is appropriate to promote judicial economy, save party resources and to allow for the potential application of collateral estoppel. *See, e.g.*, 18 Charles Alan Wright, et al., Federal Practice & Procedure § 4404 ("if courts become more receptive to efforts to reduce simultaneous litigation—as may be hoped and expected—the first judgment should remain controlling. This result [will be] particularly clear if one or more actions have been stayed in deference to a single action in which judgment is rendered.").

Because this litigation is stayed three motions remain pending on the docket that cannot be resolved until after the stay is lifted. The three pending motions are:

1. Dkt. #176, Motion for Protective Order Re: (1) Plaintiffs' Request for Emails Sent to or From Plaintiffs and Their Direct Supervisors; and (2) Plaintiffs' Request for All of Daniel Gilbert's Emails by Rock Financial, Daniel B. Gilbert

2. Dkt. #179 Motion to Compel Discovery From Thirty-Five Non-Responsive Plaintiffs by Rock Financial, Daniel B. Gilbert

3. Dkt. #188, Motion to Compel Further Discovery Responses by Rock Financial, Daniel B. Gilbert.

Certain of these motions, or portions thereof, may be rendered moot or require modification in light of actions taken in *Henry*. Accordingly, Defendants have agreed to withdraw the three pending motions with the understanding that after the stay is lifted the ones

still relevant can be reinstated with modifications. The "judges copy" of these motions and attachments are being retained so the motion to reinstate (or renewed motions with modifications) following the lifting of the stay in this case can incorporate those motions and their exhibits as appropriate.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.

**SO ORDERED.**

Date: August 18, 2008　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　United States Magistrate Judge


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 18, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate
　　　　　　　　　　　　　　　　　　　　　　　　Judge Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　　　(734) 741-2298